**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| Josephine Sanders, <br><br>　　　　　　Plaintiff, <br>　v. <br><br>Edison Park & Associates, LLC; and DOES 1-10, inclusive, <br><br>　　　　　　Defendants. | Civil Action No.: 8:13-cv-02667 <br><br> **COMPLAINT** |

For this Complaint, Plaintiff, Josephine Sanders, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Josephine Sanders ("Plaintiff"), is an adult individual residing in Chesapeake Beach, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Edison Park & Associates, LLC ("Edison"), is a California business entity with an address of 9668 Milliken Avenue, Suite 104-395, Rancho Cucamonga, California

91730.

6.      Does 1-10 (the "Collectors") are individual collectors employed by Edison and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Edison at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Edison for collection, or Edison was employed by the Creditor to collect the Debt.

11.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Edison Engages in Harassment and Abusive Tactics

12.      Within the last year, Edison contacted Plaintiff in an attempt to collect the Debt.

13.      Edison left voicemail messages for Plaintiff's daughter stating that Plaintiff owed the Debt and that there was a "subpoena against her".

14.      Thereafter, Plaintiff contacted Edison to inquire about the Debt, of which Plaintiff had no knowledge before the call to her daughter. To date, Edison has not sent Plaintiff a letter explaining her rights under federal law.

15.      During this conversation, Edison was rude and abusive to Plaintiff and threatened

that if the Debt was not paid that same day, it would take legal action against Plaintiff. Edison also threatened to empty all funds from Plaintiff's bank account.

16. In addition, Edison threatened to speak to Plaintiffs' landlord and have her "kicked out on the street".

### C. Plaintiff Suffered Actual Damages

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with Plaintiff's daughter regarding the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the legal status of the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment.

25.     Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff, without actually intending to do so.

26.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

27.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

28.     Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff a letter within five days of its initial contact with Plaintiff.

29.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

30.     Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, *et seq.*

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     Defendants are each individually a "collector" as defined by MD. Code Comm. Law § 14-201(b).

33.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

34.     Defendants disclosed or threatened to disclose information to a person other than Plaintiff or her spouse information affecting Plaintiff's reputation, with knowledge that the third party Defendants were contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

35.     Defendants attempted to enforce a right which Defendants did not have a legal

right to enforce, in violation of MD. Code Comm. Law § 14-202(8).

36. Plaintiff is entitled to damages proximately caused by Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b); and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 13, 2013

Respectfully submitted,

By  */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF